USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
RICARDO ROMERO,              :
              Petitioner,   :  04 Cr. 1108 (VM)
                             :  12 Civ. 3042 (VM)
                             :
    - against -         :
                              :
                             :  **DECISION AND ORDER**
UNITED STATES OF AMERICA,    :
             Respondent.    :
                             :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

    In a pro se Motion to Vacate, Set Aside, or Correct filed on April 17, 2012 pursuant to 28 U.S.C. § 2255, defendant Ricardo Romero ("Romero") alleges that his trial counsel was ineffective for failing to (1) object to Romero's career offender status, and (2) introduce Romero's Certificates of Disposition ("Certificates") into evidence. (Brief for Petitioner ("Mot.") at ¶¶ 6-8, 12.) Romero accordingly requests that he be resentenced as a non-career offender. (Mot. at ¶ 13.)

    In its reply memorandum dated January 11, 2013, the Government contends that Romero "meets all statutory requirements for Career Offender status" and that his petition does not satisfy the elements of an ineffective assistance of counsel ("IAC") claim. It therefore requests

that Romero's motion be denied. (Gov't Reply Br. ("Reply") at 7.)

## I. BACKGROUND

Romero and others were charged with participating in a conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Pursuant to a plea agreement with the Government (Reply, Ex. A ("Plea Agreement")), Romero pled guilty to the lesser included offense of conspiracy to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(b)(1)(C).

The Plea Agreement stipulated, among other things, that Romero "is a career offender" under the U.S. Sentencing Guidelines § 4B1.1(a) because he meets the statutory requirements. (Id. at 2-4.) This stipulation included the admission that, as is relevant here, Romero has two controlled substance felony convictions: (1) on or about March 14, 1994 in New York State Supreme Court, Queens County, for Attempted Criminal Possession of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law 220.06, a Class E Felony (the "1994 Conviction"), and (2) a conviction on or about January 23, 1991, in New York State Supreme Court, Queens County, of Criminal Possession of a Controlled Substance in the Third

Degree, in violation of New York Penal Law 220.16, a Class B Felony (the "1991 Conviction"). (Id. at 2-3.) Based on application of the career offender status, and as stipulated in the Plea Agreement, the Sentencing Guidelines calculation resulted in a recommended range of imprisonment of 151 to 188 months. In the Plea Agreement, Romero furthermore waived his rights to direct and collateral appeal. (Id. at 5.)

In a reply to the Presentence Investigation Report ("PSR"), Romero's counsel made specific arguments against the use of career offender status in enhancing Romero's sentence. (PSR Reply Br., dated May 3, 2011 ("PSR Reply") at 3-4.) Counsel argued that "[w]ithout the career offender adjustment, Mr. Romero has an Offense Level of 29, Criminal History Category of VI and Guidelines range of 37-46 months." Id. at 3 (internal citation omitted). Counsel suggested that "the lower Guidelines range is more appropriate for Mr. Romero because (i) his career offender status overstates the seriousness of this offense and his criminal history and (ii) he suffers from mental health and issues." Id. Counsel reiterated these arguments during the sentencing hearing. (Sentencing Hearing Tr. ("Tr.") at 6-10.)

At the time of sentencing, the Court specifically noted that "while the Court agree[d] with the government that technically the career offender guidelines do apply," the Court saw several circumstances here that "should be considered in determining the extent to which any variance from the career offender guidelines range would be warranted." (Id. at 17.) The Court noted that (1) Romero's prior convictions were from long ago, (2) his controlled substance convictions may have been for possession for his own use, and (3) his prior offense of violence may not have been of "strict violence." The Court found that these indicators "serve as some form of mitigation of the very onerous consequences that are carried by career offender designations." (Id. at 17-18.) On May 9, 2011, Romero was sentenced to 72 months' imprisonment and 3 years' supervised release.

## II. LEGAL ANALYSIS

A. LEGAL STANDARDS

1. Section 2255 and Plea Agreement Waiver

"Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence if 'the court, . . . sentenced [the defendant] beyond the maximum time authorized by law.'" Melicharek v. United States, No. 09

Civ. 8542, 2010 WL 1948492, at *2 (S.D.N.Y. May 13, 2010) (quoting Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2005)). Although Romero did not make a direct appeal, an IAC claim "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003); see also Rosa v. United States, 170 F. Supp. 2d 388, 397-98 (S.D.N.Y. 2001) ("[T]o the extent that [the petitioner] raises a bona fide claim of ineffective assistance of counsel, the doctrine requiring that claims be raised first on [direct] appeal would not bar him from obtaining section 2255 review.").

Where, as here, the movant pled guilty, "the inquiry on collateral review is 'ordinarily confined to whether the underlying plea was both counseled and voluntary.'" Acevedo v. United States, 07 Cr. 378, 2012 WL 3764544, at *4 (S.D.N.Y. Aug. 30, 2012) (quoting United States v. Broce, 488 U.S. 563, 569 (1989)). The narrowness of review is emphasized by the fact that Romero, in his Plea Agreement, also waived his right to collateral appeal under § 2255. Such waivers are "enforceable so long as the waiver is both 'knowing and voluntary,'" but do "not foreclose an attack on the validity of the process by which the waiver was procured." Melicharek, 2010 WL 1948492, at

\*2 (citing Hernandez, 242 F.3d at 113-14). As stated by the Court of Appeals for the Second Circuit:

> A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards."

United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Even where an IAC claim is demonstrated, relief is limited to instances of "a constitutional error, a lack of jurisdiction in the sentencing court or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Acevedo, 2012 WL 3764544, at \*4 (internal quotation marks omitted).

2. Ineffective Assistance of Counsel

To satisfy an IAC claim, Romero must demonstrate both that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense[, which] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill v. Lockhart, 474 U.S.

52, 58 (1985) (applying Strickland to IAC challenges to guilty pleas). Romero's motion is denied if either of the prongs is not met. See Strickland, 466 U.S. at 687.

As applied to guilty pleas, Romero must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59. "Reasonable probability" is evaluated based on the likelihood that, had counsel not foregone the alleged action, the trial outcome would have been different. Id. at 59-60.

B. DISCUSSION

Romero raises two IAC claims, both of which pertain to his classification as a career offender at the time of his sentencing.[1] First, Romero argues that his counsel was ineffective because counsel failed to object to Romero's status as a career offender, for which Romero argues he

---

[1] The Court acknowledges that Romero's pleadings, as written, do not challenge the plea agreement process or knowledge or voluntariness of his plea agreement, but are substantive challenges to his sentence. Facially, Romero's plea agreement waiver applies and bars this petition. See, e.g., Acevedo, 2012 WL 3764544, at *6. However, because Romero proceeds pro se, the Court considers his pleadings "liberally and interpret[s] them to raise the strongest arguments they suggest," McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted), while emphasizing that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted). In light of this standard and the importance of the constitutional rights implicated by an IAC claim, the Court considers Romero's claim on their merits despite the apparent procedural bar.

does not qualify. Second, Romero contends that his counsel was ineffective for not introducing the Certificates to rebut the Government's claim that Romero was a career offender. The Court is not persuaded by either of Romero's arguments and therefore **DENIES** Romero's petition on both grounds for the reasons set forth below.

1. Claim One: Failure to Object

Romero argues that his counsel was ineffective for failing to challenge Romero's status as career offender on the grounds that his two previous controlled substance offenses were not predicate offenses. Romero claims that neither his 1991 Offense nor his 1994 Offense was a "controlled substance offense" under the Guidelines definition because the Offenses were for possession of a controlled substance, not possession with intent to distribute, as required under the Sentencing Guidelines. (Mot. at 4-5.)

The Court acknowledges that to qualify as a predicate offense under the Sentencing Guidelines, a conviction or guilty plea must include both elements of possession and intent to distribute a controlled substance. See United States v. Savage, 542 F.3d 959, 965-66 (2d Cir. 2008) (noting that "a crime not involving the mental culpability to commit a substantive narcotics offense [does not] serve

as a predicate controlled substance offense under the Guidelines" (alteration in original) (internal quotation marks omitted)). In addition where, as here, "the statute of the prior conviction criminalizes both predicate and non-predicate conduct, then [the court] ask[s] whether the government has shown that the plea 'necessarily' rested on a fact identifying the conviction as a predicate offense." Savage, 542 F.3d at 964 (quoting Shepard v. United States, 544 U.S. 13, 24 (2005)); see also Wesley, 2008 WL 2640477 (discussing § 220.16).

These standards of sentencing enhancement as a career offender must still be viewed within the narrower confines of an IAC claim. As the Supreme Court has repeatedly expressed, "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986). "[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (citing Jones v. Barnes, 463 U.S. 745, 754 (1983)); see also Mercado v. United States, No. 04 Civ. 10208, 2005 WL 1705066, at *3 (S.D.N.Y. July 20, 2005) (applying Mayo to

trial counsel's failure to raise certain arguments against career offender sentence enhancement).

Although counsel did not literally object to Romero's classification as a career offender, counsel did substantially the same by requesting that the Court "sentence Mr. Romero within the non-career offender range" both in counsel's response to the PSR and during the sentencing hearing. (PSR Reply at 3-4; Tr. at 6-10.) Counsel's choice of one advocacy route over another should be left to his strategic discretion. Romero's claim fails to state that counsel's assistance was so ineffective as to violate his rights under the Sixth Amendment.

Furthermore, Romero's claim also fails to satisfy Strickland's prejudice prong. At Romero's sentencing, counsel's approach was persuasive: the Court specifically adopted many of counsel's arguments in support of a downward departure from the Guidelines' sentence. (Tr. at 17-18.) Because counsel's alleged failure must be considered in the context of "the totality of evidence before the judge," Strickland, 466 U.S. at 695, and, as discussed in greater detail below, there is no evidence before the Court suggesting that Romero is not a career offender, there is no reasonable likelihood that the result

would have differed had counsel objected to, instead of suggesting mitigation of, Romero's career offender status.

Because Romero's first IAC claim alleging Romero's counsel's failure to object to his career offender status fails both prongs of the Strickland test, the Court **DENIES** Romero's request to vacate his sentence based on this ground.

### 2. Claim Two: Failure to Introduce Certificates of Disposition

Romero argues that reliance on the PSR's characterization of him as a career offender is inappropriate, that the Court instead should have decided his career offender status based on the Certificates, and that his counsel was therefore ineffective for failing to introduce the Certificates to rebut the Government's proposed career offender sentence enhancement. (Mot. at 1-2.) First, the Court did not only rely on the PSR, but also had the benefit of Romero's Plea Agreement, which stipulated that Romero was a career offender. (Plea Agreement at 2-4.) Because Romero does not contest the knowing or voluntary nature of the Plea Agreement, the Court's collateral review cannot reach the substance of the Plea Agreement and the stipulation is valid. See, e.g., Acevedo, 2012 WL 3764544, at *4.

Second, it is evident that the Certificates in fact support the Government: both Certificates cite the exact subsections of the relevant statutes that include "with intent to distribute" as an element possession of a controlled substance. (Mot., Ex. 1-A.) Although some cases have indicated that Certificates are subject to clerical error, see, e.g., Savage, 542 F.3d at 963 (finding that the reference to subsection (1) on a Certificate of Disposition may be a "computer-generated shorthand used by default for generic charges"), Romero has not suggested that occurred here and there is no other indication on the record that it did. Without any indication that the subsection reference was due to default or any other flaw, Certificates are entitled to a presumption of factual accuracy. United States v. Green, 480 F.3d 627, 635 (2d Cir. 2007) (noting that where the defendant "did not proffer any evidence to support the view that he had, in fact, so pleaded," "the district court [is] entitled to credit [the Certificate]").

Accordingly, Romero's counsel was not constitutionally ineffective for strategically choosing not to present the facially unhelpful Certificates, and the failure to present them was not prejudicial because the Certificates support the Government's, not Romero's, case. Romero's second

claim of ineffective assistance of counsel as to Romero's counsel's failure to present the Certificates of Disposition fails both prongs of the Strickland test and the Court therefore **DENIES** Romero's request to vacate his sentence based on this ground.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 2) of Ricardo Romero to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

The Clerk of Court is directed to terminate any pending motions and to close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-5 (1962).

As Romero has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(1)(B).

**SO ORDERED.**

Dated:   New York, New York
         15 March 2013

                                   Victor Marrero
                                      U.S.D.J.